IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
April 29, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GEOEX, INC.,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-200** (Cir. Ct. of Mingo Cnty. Case No. CC-30-2020-C-103)

**WILLIAMSON MINING AND MANUFACTURING COMPANY,**
**Plaintiff Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Geoex, Inc. ("Geoex") appeals two orders from the Circuit Court of Mingo County. The first is a bench trial order dated February 27, 2024, resolving a boundary line dispute and quieting title in favor of respondent Williamson Mining and Manufacturing Co. ("WMM"). The second is an order dated April 16, 2024, denying Geoex's motion to alter, amend, or vacate the February 27, 2024, order. WMM filed a response.[1] Geoex filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case centers on adjacent properties, one tract is owned by WMM ("WMM Property") and the other tract is owned by a group of individuals known as the "Stepp Heirs" ("Stepp Property"). These tracts previously comprised the site of the former Mingo County Airport between 1965 and 2017. This appeal consists of two actions consolidated by the circuit court: a 2020 action to quiet title filed by WMM against the Stepp Heirs, and a 2021 trespass action filed by Geoex, as a tenant of the Stepp Heirs, against Solwind Energy, LLC, a tenant of WMM. According to the circuit court's order, the facts of the case are as follows.

The WMM Property and the Stepp Property are comprised of lands which were contested in an ejection action filed in 1912 ("1912 Action"). In the 1912 Action, WMM brought suit against Winifrede White Ash Coal Co., among others, who are predecessors in title to the Stepp Heirs. The issue in the 1912 Action was the boundary line between the

---

[1] Geoex is represented by Eldred E. Adams, Jr., Esq., and William T. Watson, Esq. WMM is represented by Ralph J. Hagy, Esq., and Bradley D. Dunkle, Esq.

adjoining lands. A survey was performed by A.A. Gaujot, P.E., ("Gaujot Survey") and completed on December 2, 1912, with the descriptions and calls submitted to the circuit court. On February 26, 1913, the circuit court entered a judgment order in the ejectment action, which found that WMM owned a disputed parcel of land containing 28.78 acres.

This 28.78-acre parcel was included among approximately 92.7 acres which WMM conveyed by deed to the Mingo County Airport Authority[2] ("WMM Airport Deed") on December 13, 1965. This Airport Deed contained the following reversionary clause:

> It is covenanted and agreed between the parties hereto that the land herein conveyed is to be used solely for the construction and maintenance of an airport facility to be owned and operated by grantee, or its lawful successors or assigns, as a public airport facility. And the use of these lands for any other purpose, without prior written consent of grantor, shall be deemed a breach of the foregoing covenant, and the lands herein described shall revert immediately to grantor, or its successors and assigns.

In its February 27, 2024, bench trial order, the circuit court found that pursuant to the reversionary clause, WMM intended for all the property it conveyed in the WMM Airport Deed to revert back to WMM in the event the land was no longer used as a public airport facility, and that the land would revert to its pre-airport condition. Similarly, on December 12, 1967, approximately 58.4 acres of the Stepp Property was conveyed by deed to the Mingo County Airport Authority ("Stepp Airport Deed"). This Deed contained a similar reversionary clause.

By Confirmatory Deed dated September 28, 2017, the Mingo County Airport Authority returned the WMM Airport Deed property to WMM. While no deed was executed conveying the Stepp Airport Deed property back to the Stepp Heirs, the circuit court found that by virtue of the reversionary clause, the subject 58.4 acres reverted to the Stepp Heirs once the property ceased being used as an airport.

In 2019, the Stepp Heirs retained surveyor Kenneth D. Bias to conduct a survey of the 58.4 acres previously conveyed under the Stepp Airport Deed. This resulted in a survey dated September 27, 2019 ("Bias Survey"). Following completion of the survey, it was the opinion of Mr. Bias, the Stepp Heirs, and Geoex, that WMM and its tenant Solwind Energy were encroaching upon the Stepp Property.

By letter dated February 10, 2020, the Stepp Heirs requested that Solwind Energy cease and desist all activity on the Stepp Property. In response, WMM retained surveyor

---

[2] As reflected in the deeds of record, the Mingo County Airport Authority was formerly known as the Mingo County Airport Commission. For consistency, the entity will be referred to by its Authority designation.

Roger Tackett. Mr. Tackett surveyed the property around May 14, 2020. According to Mr. Tackett's notes, survey report, and prepared map, a portion of the lines relied upon by Mr. Bias were in conflict with WMM's Confirmatory Deed. This discrepancy resulted in the Stepp Property boundary encroaching onto the WMM Property. However, because Mr. Bias was deceased, Mr. Tackett was unable to discuss the discrepancies with him.

WMM filed their action to quiet title in 2020 on the basis that the Stepp Heirs recorded an unfounded claim to certain property owned by WMM based upon the Bias Survey. An amended complaint was filed on April 14, 2021, wherein WMM sought to quiet title and pursue a slander of title claim. Thereafter, WMM entered into quitclaim deeds with thirty-eight of the Stepp Heirs who relinquished their interest in the disputed portion of property.

Geoex filed its complaint against Solwind in 2021. The complaint alleged that Solwind had trespassed upon Geoex's Stepp Heirs leasehold by "erecting structures and power lines upon the property and otherwise obstructing Geoex's free and unrestricted access to its leases." Geoex claimed damages from the trespass that prohibited it from drilling two planned oil and gas wells on the Stepp Property, resulting in projected lost profits of $2,000,000 per well. Alternatively, Geoex sought a permanent injunction against Solwind for the removal of all obstructions which interfered with Geoex's access to its leasehold.

The cases were consolidated, a bench trial was held on January 3, 2024, and the parties presented evidence and testimony from multiple witnesses. The resulting bench trial order placed considerable emphasis on the testimony of two surveyors, Mr. Tackett and Lantz Rankin.

Of particular note, Mr. Tackett testified that the property lines between the Stepp Property and WMM Property were previously established by the 1912 Action and that he relied upon the Gaujot Survey to retrace the property lines in preparation of his survey for WMM. Mr. Tackett indicated that several of the natural monuments described in the Gaujot Survey still existed and were used as a basis to retrace the boundary lines as determined in 1912. Through his survey, Mr. Tackett determined that there were errors in both the Airport Deeds and Bias Survey, and he testified extensively regarding the steps he took to reconcile the errors. Ultimately, it was Mr. Tackett's professional opinion that the common boundary between the Stepp Property and the WMM Property occurred about 350 feet earlier than it was represented in either of the Airport Deeds and that the property boundary was incorrectly located on the Bias Survey. Mr. Tackett opined that this discrepancy yielded approximately 5.6 acres to the WMM Property.

Mr. Rankin testified on behalf of the Stepp Heirs. He testified that Mr. Tackett's testimony and Tackett Survey offered a reasonable opinion as to the errors and true

boundaries for the property. He further indicated that Mr. Tackett took reasonable steps to adjust the boundaries to correct the errors.

The circuit court's February 27, 2024, bench trial order found that the Tackett Survey was the most reasonable and accurate reflection of the disputed property boundary lines. As such, the circuit court adopted the same and found that WMM's title was clouded by the errors in the Airport Deeds and Bias Survey. The circuit court also concluded that because the WMM Property and Stepp Property were controlled by the Mingo County Airport Authority from 1965 to 2017 through deeds that contained reversionary clauses and error, the Stepp Heirs could not raise an estoppel claim against WMM. It found there was insufficient evidence to show that Geoex knew the Bias Survey to be false or acted in reckless disregard for its truth or falsity. The court additionally determined that neither the non-settling Stepp Heirs, Geoex, nor Solwind were bound by the quitclaim deed settlements between WMM and the settling Stepp Heirs.

Thereafter, the circuit court removed the cloud from WMM's title and denied WMM's slander of title claim. On April 16, 2024, the circuit court denied Geoex's motion to alter or amend the February 27, 2024, bench trial order. In denying the motion, it was specifically noted that Geoex's "claim for adverse possession could not be adverse as the Mingo County Airport Authority was in the exclusive possession of all real estate that is the subject of [Geoex's] leasehold." This appeal followed.

On appeal, we apply the following standard of review:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, Geoex raises three assignments of error. Geoex claims that the circuit court ignored the testimony of Mr. Rankin, did not sufficiently consider the law regarding the practical location of property boundaries, and that the Tackett Survey improperly added or shortened calls in the Airport Deeds. However, we find each of these contentions without merit.

To begin, Geoex's brief contains no argument addressing its third assignment of error regarding the Tackett Survey improperly adding or shortening calls within the Airport

4

Deeds. We deem this argument to be waived, and it will not be considered.[3] *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374 (1981) ("[a]ssignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); W. Va. R. App. P. 10(c)(7) (stating that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal.").

As to the remaining assignments of error, Geoex simply offers the all-encompassing assertion that the Airport Deeds properly established the boundaries between the Stepp Property and the WMM Property. However, Geoex fails to develop its argument on this issue on appeal. Instead, Geoex relies upon principles from two separate legal encyclopedias which recognize establishing boundaries through the doctrine of practical location. However, this doctrine has not been codified by our Legislature, nor has it been adopted through a decision of the Supreme Court Appeals of West Virginia. Geoex's brief concedes this point.

We also are unpersuaded by Geoex's reliance upon *Reger v. McAllister*, 70 W. Va. 52, 73 S.E. 48 (1911). Here, Geoex fails to establish how *Reger* applies to the present case, let alone offer any argument or citation to the record which analyzes the facts of this case in that regard. In other words, Geoex has failed to establish how application of *Reger* correlates into cognizable error in this appeal. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); W. Va. R. App. P. 10(c)(7).

In West Virginia, it is well established that:

---

[3] We also find that the argument section of Geoex's brief contains new argument headings and arguments. Specifically, Geoex contends: (1) That it is not bound by the WMM and Stepp Heirs settlements; and (2) The Airport Deeds properly establish the boundary between the WMM and Stepp Properties. This fails to conform with our Rules of Appellate Procedure. Particularly, Rule 10(c)(7) requires that briefs "contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." This Rule also permits this Court to disregard arguments that fail to meet these standards on appeal. *Id*. Thus, we decline to consider Geoex's argument regarding the settlement agreements because it was not encompassed by Geoex's stated assignments of error. However, we reluctantly treat Geoex's remaining argument that the Airport Deeds correctly establish the boundary line as a consolidated restatement of its remaining assignments of error and will address the same.

An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966). In this appeal, Geoex has simply failed to offer any argument which affirmatively establishes error by the circuit court. Therefore, we cannot conclude the circuit court's factual findings are clearly erroneous or that its ultimate disposition of this case is an abuse of discretion.

Accordingly, we affirm the circuit court's February 27, 2024, and April 16, 2024, orders.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White